# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  **v.**              **Case No. 91-CR-290**

**ERNEST CLARK**
     **Defendant.**

---

## ORDER

Before me are two pro se motions filed by defendant Ernest Clark regarding his revocation sentence. I briefly set forth the relevant procedural history of the case before addressing the motions.

On April 7, 1992, another judge of this district court sentenced defendant to a total of 188 months in prison on armed bank robbery and related charges, followed by 5 years' supervised release. On February 11, 2002, I reduced the prison sentence to 185 months under 18 U.S.C. § 3582(c), and on January 25, 2007, defendant was released from prison to supervised release. On April 29, 2008, I revoked defendant's supervision based on violations including drug use and failure to attend counseling, sentencing him to 6 months in prison followed by 1 additional year of supervision with various conditions including drug testing and treatment and home confinement. Defendant appealed, but the Seventh Circuit dismissed the appeal as frivolous. United States v. Clark, No. 08-2181, 2008 WL 5395980 (7th Cir. Dec. 23, 2008).

Defendant was released from the April 29 prison sentence on October 22, 2008. On February 2, 2009, I again revoked his supervised release based on violations including failing to report to the probation office within 72 hours of release, testing positive for

cocaine, missing drug tests and counseling sessions, leaving his residence without permission, and absconding. I sentenced him to 9 months in prison with no supervision to follow. Defendant took no appeal and is now serving that prison sentence.

In his first motion – labeled "Emergency Motion for Immediate Release" – defendant argues that the April 29, 2008 judgment, which included the conditions he is now imprisoned for violating, was procured by fraud. Specifically, he contends that an employee of Genesis Behavioral Services responsible for collecting urine samples has recently been charged with misconduct regarding the collection of samples. He says that such misconduct may have occurred in his case too.

Defendant provides no jurisdictional basis for his request. He cites Haines v. Kerner, 404 U.S. 519 (1972), Article III of the Constitution, and the court's inherent power/equitable jurisdiction to obtain unhindered review of the merits. None of these sources provide authority to re-visit a sentence imposed nearly a year ago, sustained on appeal and since completed. See Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000) (stating that district courts may not modify criminal judgments outside the time limits set by Fed. R. Crim. P. 35); United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987) (holding that a revocation defendant could not attack the validity of the underlying judgment). Therefore, the motion for immediate release must be dismissed for lack of jurisdiction.[1]

_____

[1]Even if I were to reach the merits, defendant's motion would fail. First, defendant's current incarceration is based on the fact that he repeatedly violated his conditions after release in October 2008; defendant had only to follow the rules to avoid further punishment. Second, defendant fails to make a credible showing of fraud regarding the April 29, 2008 revocation. Defendant claims that the violations forming the basis for that revocation are based upon tests and information from the discredited Genesis employee, and that he previously raised issue with this employee conducting his tests. But defendant admitted at the April 29, 2008 revocation hearing that he had missed counseling sessions and submitted three positive drug tests. He did not, at that time, claim that information had been falsified. Indeed, he has admitted, in open court, that he is a drug abuser. Defendant's attempt to

2

In his second motion, defendant seeks correction of a clerical error in the February 2, 2009 judgment. See Fed. R. Crim. P. 36. Such errors may be noticed and corrected at any time, but there is no error here. Defendant contends that the judgment fails to include my oral statement that he had "two months in." The judgment correctly reflects the nine month sentence I pronounced. The Bureau of Prisons, not the sentencing court, awards credit for time spent in custody prior to sentencing. See United States v. Wilson, 503 U.S. 329, 333-34 (1992). Indeed, a quick check of the BOP's web site lists defendant's projected release date as September 18, 2009, which accounts for about two months of credit. Therefore, this motion must be denied.

**THEREFORE, IT IS ORDERED** that the motion for immediate release (R. 161) is **DISMISSED**,[2] and the motion to correct clerical error (R. 162) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of March, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

take advantage of the Genesis employee's recent arrest, which he apparently discovered in a newspaper article, is unattractive.

[2]In the alternative, for the reasons stated in note 1, the motion is denied.

3